IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD L. JOHNSON,
        Plaintiff,

vs.                                    5:08cv205/RH/MD

JIMMY CRAWSON, et al.
        Defendants.

_____

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983.  Leave to proceed *in forma pauperis* has been granted, and no initial partial filing fee was assessed.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).   A complaint is frivolous under section 1915(e)  "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir.

1997).  Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard,  and abrogating *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  *Douglas v. Yates*, ___ F.3d ___, 2008 WL 2875804 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)).  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented a claim that is actionable at this time and that sua sponte dismissal is therefore warranted.  *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff an inmate in the custody of the Florida Department of Corrections is currently incarcerated at the Florida State Prison.  He names Sgt. Jimmy Crawson of Washington Correctional Institution, and C. Neel, of the Secretary's office in Tallahassee as defendants in this action.  In his statement of facts, plaintiff contends that Sgt. Crawson wrote a false D.R. against him, of which D.R. he was convicted after a hearing, and that C. Neel perjured himself in determining the untimeliness of one of plaintiff's grievance appeals.   In the section of the complaint labeled "statement of claims," plaintiff states that he claims that Sgt. Crawson committed perjury, a third degree felony, with respect to the D.R., as did C. Neel.  This resulted

in "unusual punishment and under cruelty, painful distress, healthwise and mentally sufficating (sic)."  With respect to the relief requested, plaintiff seeks $6,000 from Sgt. Crawson in his individual capacity and $15,000 in his official capacity, and $27,000 from C. Neel in his individual capacity and $35,000 in his official capacity. Plaintiff states that these damages are for his mental suffering, his health condition due to unidentified DOC staff failing to provide him seven doses of an unspecified medication in 2007, two instances of having been served food with roaches in it and his false imprisonment due to the perjury of the two defendants.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1.  whether the conduct complained of was committed by a person acting under color of state law; and

2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), overruled on other grounds *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*). Plaintiff's claim that the defendants committed perjury in violation of Florida law is not actionable under §1983.

To the extent plaintiff seeks damages from defendants in their official capacities, the defendants are entitled to Eleventh Amendment immunity.  A plaintiff may not bring a § 1983 action for monetary damages against the state or state officials in their official capacities.  *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004).[1]  A suit against a state employee in his or her official capacity is deemed to be a suit

---

[1]State officials in their official capacities are not immune from claims for prospective declaratory or injunctive relief. *Powell v. Barrett*, 496 F.3d 1288, 1308 & n. 27 (11th Cir. 2007); *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004) (citing *Will*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n. 10 105 L.Ed.2d 45 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985)); *Ex parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54, 52 L.Ed. 714 (1908); see *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir.1995); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir.1989)).

against the state for Eleventh Amendment purposes.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45, 58 (1989).  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court.  *See Federal Maritime Commission v. South Carolina State Ports Authority,*  535 U.S. 743, 122 S.Ct. 1864, 1877-78, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Department of Heath and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986).  Thus, plaintiff's official capacity suits against the two named defendants are barred.

Furthermore, plaintiff's claim for monetary damages for mental anguish he suffered as a result of defendants' Crawson and Neel's alleged conduct is prohibited by 42 U.S.C. § 1997e(e).  Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  This is an affirmative defense, not a jurisdictional limitation.  *Douglas v. Yates*, ___ F.3d ___, 2008 WL 2875804 (11th Cir. 2008).  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Yates*, (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)).  As the Eleventh Circuit has explained:  "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody."  *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  The Eleventh Circuit has determined that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier*, 314 F.3d at 532.  This § 1983 action brought by plaintiff is a "Federal civil action" under this definition.  Further, it is undisputed that plaintiff filed his complaint while imprisoned.  Plaintiff's complaint alleges only mental and emotional injuries, so as to satisfy the third

predicate for the application of § 1997e(e).  Finally, the harm complained of occurred while plaintiff was in custody, so as to satisfy the fourth predicate.

Based on the foregoing, the incarcerated plaintiff's damages claim is subject to dismissal without prejudice unless he alleges physical injury.[2]  Further, he must allege more than a *de minimis* physical injury.  *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in *Hudson* [*v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."), *reh'g granted, opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *Osterback v. Ingram*, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*, 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than *de minimis* physical injury), *cert. denied*, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002).  In the instant complaint, plaintiff neither claims nor alleges facts to remotely suggest a physical injury arising from defendants' conduct.  Consequently, he is presently prohibited by § 1997e(e) from bringing his damages claims against defendants Crawson and Neel.

---

[2]The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages); *see also Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir. 2007) (finding that nominal damages are recoverable, but that compensatory and punitive damages are precluded under PLRA) Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory and punitive damages. *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages). See also *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (physical injury requirement does not apply to claims for declaratory or injunctive relief).

As noted above, in plaintiff's request for relief, he states that unidentified "DOC staff" who are not named as defendants in this action denied him seven doses of an unidentified medication during the year 2007.  He does not identify the individuals responsible, identify the medication in question or explain the adverse effect, if any, that the denial of this medication had on him.  A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999).  "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'"  *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 105-06.  Furthermore, because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious."  *Hudson v. McMillian*, 503 U.S. 1, 9 , 112 S.Ct. 995, 1000,  117 L.Ed.2d 156 (1992).  To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow, supra; Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th  Cir. 1995).  First, a plaintiff must set forth evidence of an objectively serious medical need.  *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543. Plaintiff has not done that in this case.  Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer v. Brennan*, 511 U.S. at 834 (1994); *McElligott*, 182 F.3d at 1254; *Campbell*, 169 F.3d at 1363.  Again, plaintiff has not done that.  Third, as with any tort

claim, he must show that the injury was caused by the defendant's wrongful conduct. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citing *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995)).  Once again, there is no suggestion of injury, much less injury caused by the named defendants.  No liability arises for an official's failure to alleviate a significant risk that he should have perceived but did not, and imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. *Burnette v. Taylor*, ___ F.3d ___, 2008 WL 2685678 (11th Cir. 2008) (citations omitted).

The Eleventh Circuit considers a serious medical need to be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004) (citing *Farrow,* 320 F.3d at 1243 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). In either instance, the medical need must be "one that, if left unattended, poses a substantial risk of serious harm." *Farrow,* 320 F.3d at 1243 (quoting *Taylor*, 221 F.3d at 1258 (quoting *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970)); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).

To satisfy the subjective element of deliberate indifference to a prisoner's serious medical need, plaintiff must prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); see also *Miller v. King*, 384 F.3d 1248, 1261 (11th  Cir. 2004) (noting, after *Farmer v. Brennan*, 114 S.Ct. 1970 (1994), that gross negligence fails to satisfy state-of-mind requirement for deliberate indifference)); *Farrow*, 320 F.3d at 1245-46 (citing *McElligott*, 182 F.3d at 1255; *Taylor*, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).   "Deliberate indifference" and "mere

negligence" are not one and the same.  Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care.  *Murrell v. Bennett*, 615 F.2d 306, 310, n.4 (5th Cir. 1980).  Plaintiff must demonstrate that defendants' response to a medical need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Case v. Riley,* 270 Fed. Appx. 908, 2008 WL 764560 (11th Cir. 2008) (quoting Taylor, 221 F.3d at 1258).

Obviously, a complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994).  However, where the inmate has received medical attention, and the dispute is over the adequacy of that attention, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991)(quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)); *Hilton v. McHugh*, 178 Fed.Appx. 866 (11th Cir. 2006).

There is nothing in plaintiff's amended complaint from which this court can surmise that plaintiff had a serious medical condition, that he was harmed by missing seven doses of medication over a 12 month period, or that the named defendants had anything to do with the alleged medication mismanagement.  If he seeks to hold defendant Neel liable under a theory of *respondeat superior*, that claim also fails as *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th  Cir. 2007); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995).

Likewise, plaintiff's assertion that there were "roaches in plaintiff's food" on two occasions, while certainly unappetizing, does not, without more, establish a constitutional violation, and certainly not against the two individuals named as

defendants in the complaint.   Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *see also Hamm v. DeKalb County*, 774 F.2d 1567, 1571-72 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986).  As the Supreme Court stated in *Rhodes*, "the Constitution does not mandate comfortable prisons, and prisons ... which house persons convicted of serious crimes, can not be free of discomfort." *Id.* at 349, 101 S.Ct. at 2400.   Moreover, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347, 101 S.Ct. at 2399; *Chandler v. Crosby*, 379 F.3d 1278, 1288-89 (11th Cir. 2004).

Furthermore, plaintiff's claim with respect to the roaches could not have been administratively exhausted prior to filing suit.  His initial complaint was signed on June 17, 2008, merely one month after the second alleged roach incident.  Failure to have exhausted administrative remedies prior to filing suit is grounds for dismissal of plaintiff's case.   *Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir. 2005); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).  The exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which plaintiffs seek only monetary damages. *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368  (2006); *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001); *Johnson v. Meadows,* 418 F.3d at 1155.  Courts have no discretion to waive this requirement. *Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008).   Plaintiff's failure to have exhausted this claim prior to bringing suit, even if it did state an actionable constitutional violation, would bar it from being included in the instant case.

**Accordingly, it is respectfully RECOMMENDED:**

**1.  Plaintiff's individual capacity claims against defendants Crawson and Neel be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).**

**2.  Plaintiff's official capacity claims against defendants Crawson and Neel be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).**

**3.  The clerk be directed to close this case.**

**DONE AND ORDERED this 12th day of August, 2008.**

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**